UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| VIRGILIA NIEVES-ROSADO, et al.,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>PUERTO RICO HIGHWAYS AUTHORITY, et al.,<br><br>　　　Defendants. | Civil No. 04-2379 (JAF) |

**O R D E R**

　　　Plaintiffs, Virgilia Nieves-Rosado, Ramón Nieves, Esther Nieves, Ivette Cao-Romero, David Nieves, Yolanda Nieves, and Roberto Nieves, bring the present action against Defendants, Puerto Rico Highways Authority ("PRHA"), Jesús Rosario Suárez, Minerva Suárez Rodríguez, Rosario Doe, and unnamed insurance companies. Docket Document No. 1. Plaintiffs allege that Defendants negligently designed, constructed, and maintained the Vega Baja intersection of Puerto Rico Highways PR-644 and PR-137, leading to a car accident that resulted in Plaintiff Nieves-Rosado's severe injury and the death of Ramón Nieves-Rijos, Plaintiff Nieves-Rosado's husband and the remaining Plaintiffs' father. Docket Document No. 1. Plaintiffs aver that because of their tortious conduct, Defendants are liable under Puerto Rico's Civil Code, Articles 1802 and 1803, 31 L.P.R.A. §§ 5141-42 (1991 & Supp. 2001). Plaintiffs premise this court's jurisdiction upon diversity of citizenship under 28 U.S.C. § 1332 (1994 & Supp. 2004).

　　　On March 31, 2005, Defendants moved for summary judgment, arguing that Plaintiffs incorrectly allege that Defendant Puerto Rico

Civil No. 04-2379 (JAF)                                                    -2-

Highway Authority ("Defendant PRHA") maintains PR-137. <u>Docket Document No. 9</u>. Defendants aver that the Puerto Rico Department of Transportation, which is not a party to this dispute, is the sole entity responsible for PR-137's maintenance, and that summary judgment should be entered dismissing Plaintiffs' complaint in its entirety. <u>Id.</u>

In Plaintiffs' reply, filed on August 8, 2005, Plaintiffs reiterate that their complaint attributes liability based on both the negligent construction and maintenance of the PR-137 highway intersection. <u>Docket Document No. 13</u>. In response to Defendants' factual averments, Plaintiffs concede that Defendant PRHA is not responsible for the intersection's maintenance, and voluntarily dismiss the claim for negligent maintenance. <u>Id.</u> Plaintiffs maintain that Defendant PRHA was responsible for the PR-137 intersection's construction, however, and that because the complaint and the evidence submitted into record clearly support a valid claim for relief under Articles 1802 and 1803, summary judgment should not be granted.

Based on the exiguous record before us, we are unwilling to grant summary judgment in Defendants' favor. Defendants' statement of uncontested facts indicates that maintenance responsibility for PR-137 was transferred to the Puerto Rico Department of Transportation "following a final inspection conducted on February 5, 2003." <u>Docket Document No. 10</u>. Defendants' admission strongly suggests that the highway was constructed under Defendant PRHA's own

Civil No. 04-2379 (JAF)                                                       -3-

authority. The exhibits attached to the statement of uncontested facts confirm that Defendant PRHA oversaw and approved the highway's construction. Id., Exhs. 2&3. Plaintiffs' attribution of liability is premised on Defendants' negligent oversight of the highway's construction. Consequently, based on the narrow grounds for summary judgment put forward in Defendants' motion, we cannot dismiss Plaintiffs' complaint.

While we are unconvinced by Defendants' argument for summary judgment, the record suggests to us that Defendant PRHA may be protected from suit by Eleventh Amendment immunity. While we do have the discretion to raise the immunity issue sua sponte, we choose not to make a determination as to immunity at this time. See Parella v. Ret. Bd. Of R.I. Employees' Ret' Sys., 173 F.3d 46, 55 (1st Cir. 1999)("[W]hile courts have the discretion to raise Eleventh Amendment questions sua sponte, Article III does not obligate them to do so."); Wis. Dep't of Corrs. v. Schacht, 524 U.S. 381, 388 (1998)("Unless the State raises the matter [of sovereign immunity], a court can ignore it."). We find it expedient, under the present circumstances, to instruct Defendants to argue the issue of sovereign immunity at this time if they are interested in raising the defense at all. See Parella, 173 F.3d at 55 ("[T]he Eleventh Amendment is just as much a grant of immunity (i.e., a type of defense) as it is a limitation on courts' jurisdiction."). Accordingly, we grant Defendants **fifteen (15) calendar days** to submit a brief on the Eleventh Amendment's applicability to the present case.

Civil No. 04-2379 (JAF)                                                    -4-

As a final matter, we note that Plaintiffs filed an opposition to Defendants' motion more than five months after Defendants moved for summary judgment. Docket Document No. 13. Local Rule 7.1(b) provides that Plaintiff "shall be deemed to have waived objection" unless an opposition is filed within ten (10) days after Defendants move for summary judgment. P.R. LOCAL R. 7.1(b). Today, we choose not to grant Defendants' motion as unopposed, nor to dismiss Plaintiffs' claims for failure to prosecute. Nevertheless, we strongly advise Plaintiffs to abide by all applicable deadlines, and to move for time extensions, when they are needed, in a timely and responsible manner. Future unexplained delays will result in severe prejudice.

In accordance with the foregoing, Defendants' motion for summary judgment is **DENIED**. If Defendants wish to raise an immunity defense, they must submit a memorandum on the issue **within fifteen (15) working days**. Both parties are advised to abide by all applicable deadlines.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 11th day of August, 2005.

                                        S/ José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge