UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **VIRGILIA NIEVES-ROSADO, et al.,**   Plaintiffs,<br><br>v.<br><br>**PUERTO RICO HIGHWAY AUTHORITY,**   **et al.,**   **Defendants.** | )<br>)<br>)<br>) Civil Action No. 04CV2379-NG<br>)<br>)<br>)<br>) |

**GERTNER, D.J.:**

## ORDER ON MOTION FOR SUMMARY JUDGMENT

This litigation arises from an motor vehicle accident that occurred on December 16, 2003, at the intersection of Puerto Rico Highways 644 and 137. As a result of the accident, Rev. Ramón Nieves Rijos ("Nieves Rijos"), the driver of one of the cars, was killed. His wife, Virgilia Nieves Rosado ("Nieves Rosado"), was a passenger in Nieves Rijos's car; she was badly injured. Nieves Rosado is now suing the defendant Puerto Rican Highway Authority ("PRHA"), alleging that its negligence pertaining to the intersection caused the accident.[1]

On May 17, 2007, plaintiffs amended their complaint to add two more defendants, both insurers of the PRHA. They are directly amenable to suit under Puerto Rican law. See P.R. Laws Ann. tit. 26, §§ 2001, 2003(1). Each insurer now moves for summary judgment. American International Insurance Company

---

[1] Other plaintiffs also seek compensation as a result of the accident: Nieves Rijos's children are suing for loss of consortium. Their claims are all similarly situated to Nieves Rosado's, however, and the Court will address them collectively as "plaintiffs" or "Nieves Rosado."

("AIICO") is the PRHA's excess insurer.  It claims that the PRHA's actions, to the extent they caused the accident, necessarily fall within the professional services exclusion of the primary insurance contract.  <u>See</u> AIICO's Mem. Supporting Mot. Summ. J. at 6 (document # 105).  National Insurance Company ("National") is the PRHA's primary insurer.  It also contends that the professional services exclusion applies, <u>see</u> National's Mem. Supporting Mot. Summ. J. at 1-2 (document # 112), and further argues that its general aggregate policy limit has been exhausted, excusing it from the case, <u>see</u> <u>id.</u> at 2-6.  The Court held a hearing on the motions on February 7, 2008, via videoconference.

The defendants' prescription-period[2] defenses are without merit.  Under First Circuit precedent, an insurer and its insured are "solidarily liable."  <u>See</u> <u>Tokyo Marine & Fire Ins. Co. v. Perez & Cia de Puerto Rico</u>, 142 F.3d 1, 7 (1st Cir. 1998).[3]  And a complaint against one solidarily liable party tolls the period in which a suit must be filed for the other solidarily liable

---

[2] Puerto Rican law, rather than referring to a "statute of limitations" for contract claims, states that "[a]ctions are prescribed by the mere lapse of time specified by law."  P.R. Laws Ann. tit. 31, § 5291.  When an action "prescribes," it may no longer be asserted.  Certain actions may interrupt the period of prescription.  <u>See</u> <u>id.</u> § 5303.  In this case, the defendant insurance companies argue that because suit against them was filed more than one year after the accident occurred, the actions were prescribed.

[3] The First Circuit, considering the same statutes, noted, "[t]he term in the original Spanish, 'obligación solidaria,' is a term of art which is similar to, but not strictly synonymous with 'joint and several liability.'  We therefore prefer to borrow the terminology used in the Louisiana Civil Code."  <u>Id.</u> at 4 n.1.  This Court will do the same.

parties. See P.R. Laws Ann. tit. 31, §§ 5303, 5304. Therefore, the timely filing of the complaint against the defendant PRHA was adequate to interrupt prescription as to the insurance companies.

The merits of this case are more difficult; it has an unusual posture, in part because of the preliminary settlement discussions the Court initiated. Recently added defendant insurance companies have moved for summary judgment. While the defendants plainly had a right to do so, there are problems with adjudicating their claim. The Court is being asked to decide whether the incident giving rise to this case fits within certain boundaries in an insurance policy, but it is not yet clear what exactly happened in the accident. Given the state of the record, the Court remains unconvinced that there are no potential avenues through which the plaintiffs might prove that the exception to coverage does not apply to this case. Viewed in the light most favorable to the plaintiffs, the non-moving party, see Fed. R. Civ. P. 56(c), material facts remain in dispute as to the cause of the accident. Summary judgment is therefore inappropriate. Moreover, judicial economy strongly argues that the Court defer ruling on the professional services exception at least until the close of the plaintiffs' case; a tentative ruling now might be contradicted by facts to be brought forth at trial. Therefore, defendant AIICO's Motion for Summary Judgment (document # 103) is **DENIED WITHOUT PREJUDICE.**

Defendant National is differently situated.  In addition to the professional services exclusion, it further claims that it has exhausted its general aggregate liability limit of $2 million.  The plaintiffs do not dispute this exhaustion, but rather rely on an argument that the accident fell within a separate limit, for products-completed operations hazards.  The record on this point is clear.  The products-completed operations insurance is available for the work of contractors and covered under the Commercial General Liability Coverage Form.  National argues, however, without contradiction, that the payment of a separate premium was required to trigger coverage for contractors -- a separate premium that no contractor ever paid.  National Reply Mem. at 11-12 (document # 130).  Therefore, the plaintiffs cannot seek recovery under the products-completed operations portion of the insurance contract, and the exhausted limit prevents them from collecting under the aggregate pool.  National's Motion for Summary Judgment (document # 111) is **GRANTED**.

For the foregoing reasons, AIICO's Motion for Summary Judgment (document # 103) is **denied without prejudice**, and National's Motion for Summary Judgment (document # 130) is **granted**.  The Court will revisit the defendant's arguments upon motion after the trial of the underlying matter, when the facts will have solidified.

**SO ORDERED.**

**Date: January 31, 2008**                                    /s/*Nancy Gertner*
                                                              **NANCY GERTNER, U.S.D.C.**